IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>     Plaintiff,<br><br>v.<br><br>MEDICAL HEALTH GROUP, INC.<br>9114 Philadelphia Road<br>Baltimore, Maryland  21237<br><br>     Defendant. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of disability and to provide appropriate relief to Charging Party Barbara Metzger. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Medical Health Group, Inc. ("Defendant"), violated the ADA by discharging Ms. Metzger on May 31, 2007, because of her breast cancer.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6.

4. At all relevant times, Defendant Medical Health Group, Inc., a Maryland corporation, has continuously been doing business in the State of Maryland and the County of Baltimore, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Barbara Metzger filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2007, Barbara Metzger has been a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8). Ms. Metzger's treatment for breast cancer has resulted in physical impairments that have caused her to be substantially limited in performing major life activities, including but not limited to those related to upper extremity strength and mobility, such as lifting, pulling, pushing, and reaching, and those related to a normally-functioning immune system. Moreover, Ms. Metzger has a record of disability. Further, because of her treatment for breast cancer, Defendant regarded Ms. Metzger to be substantially limited in major life activities, including but not limited to, working.

9. Since at least May 31, 2007, Defendant has engaged in unlawful employment practices in the State of Maryland in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a). These practices include terminating Ms. Metzger's employment because of her disability.

10. The unlawful employment practices complained of in paragraph 9 were intentional.

11.     The unlawful employment practice complained of in paragraph 9 were done with malice or with reckless indifference to the federally protected rights of Barbara Metzger.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discharge because of disability, and any other employment practice which discriminates on the basis of disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to pay Barbara Metzger appropriate back pay in amounts to be determined at trial, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.      Order Defendant to make whole Barbara Metzger by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9, in amounts to be determined at trial.

E.      Order Defendant to make whole Barbara Metzger by providing compensation for past and future non-pecuniary losses resulting from the unlawful practice complained of in paragraph 9, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.     Order Defendant to pay Barbara Metzger punitive damages for the malicious and reckless conduct described in paragraph 9, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper and in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Debra Lawrence*
DEBRA M. LAWRENCE (Bar. No. 04312)
Regional Attorney (Acting)
Philadelphia District Office

*/s/ Maria Luisa Morocco*
MARIA LUISA MOROCCO
Senior Trial Attorney
Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2730
Facsimile #: (410) 209-2221
maria.morocco@eeoc.gov

5